UNITED STATES BANKRUPTCY COURT
FOR EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

*ELECTRONICALLY FILED*

IN RE:

BERNARD and ANDREA TEW, et al.                     CASE NO. 20-51078
                                                   CHAPTER 11
DEBTORS IN POSSESSION
                                                   JOINTLY ADMINISTERED

**JOINDER OF SKAT IN U.S. TRUSTEE OBJECTION TO DESIGNATION OF BERNARD AND ANDREA TEW AS SUBCHAPTER V DEBTORS**

Skatteforvaltningen ("SKAT"), which is the Customs and Tax Administration of the Kingdom of Denmark and a creditor of the above-captioned debtors, by and through their undersigned counsel hereby joins in the Office of the United States Trustee for the Eastern District of Kentucky (the "U.S. Trustee") objection (the "Objection") to the designation of Bernard and Andrea Tew (the "Tews"), Case No. 20-51078, as Subchapter V debtors and in support thereof respectfully states as follows:

1.       SKAT is the Tews' largest unsecured creditor by orders of magnitude. As detailed more fully in the Objection of Skatteforvaltningen to Debtors' Motion to Define Scope and Authorize Use of Cash Collateral, starting in 2018, SKAT filed 13 cases against the Tews and another against Tew Limited Partnership's pension plan (the "Litigations"). The Litigations seek damages totaling $38,811,000 and have wide-ranging implications, both in the United States and Denmark.

2.     On July 23, 2020, the Tews and Tew Limited Partnership (together, the "Debtors") filed petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Court for the Eastern District of Kentucky, Lexington Division.  The Debtors elected for the two cases to be governed by Subchapter V of Chapter 11.  *See* Ch. 11 Subch. V Vol. Pet. 4, ECF No. 1.  On August 8, 2020, the Court ordered the Debtors' two cases to be jointly administered.  *See* Am. Joint Admin. Order, ECF No. 35.

3.     On September 11, 2020, after conducting a sworn examination of the Tews and a review of the schedules and total liabilities in the case, the U.S. Trustee objected to the Debtors designation as Subchapter V debtors and requested that the Court strike the Tews' Subchapter V election (the "Objection").  *See* Obj. ¶¶ 3-5, 17-18, ECF No. 52.

4.     SKAT joins the Objection in all respects based on the evidence in the record. In addition, SKAT supplements the Objection to note that the noted authority supporting the Tews' position is readily distinguishable because, unlike in those cases, here, less than half of the Debtors' debts arise from commercial or business activities.  SKAT also notes that the U.S. Trustee's analysis of the Tews' debts is generous; even less than 39.47% of the Tews' noncontingent liquidated debt may have arisen from the Debtors' business.

5.     In the Objection, the U.S. Trustee cites three recent cases where bankruptcy courts outside the Sixth Circuit allowed a debtor not currently engaged in commercial or business activities to proceed as a Subchapter V debtor. *See* Obj. ¶¶ 25, 28 n.9 (citing *In re Wright*, 2020 WL 2193240 (Bankr. D.S.C. April 27, 2020); *In re Bonert*, 2020 WL 3635869 (Bankr. C.D. Cal. June 3, 2020); *In re Blanchard*, 2020 WL 4032411 (Bankr. E.D. La. July 16, 2020)).  The U.S. Trustee argues, and SKAT agrees, that those courts incorrectly decided the issue because they relied on untrue citations and faulty reasoning.  *See* Obj. ¶¶ 20-28.

6.      SKAT supplements the U.S. Trustee's objection to note that in those cases, it was undisputed that more than half of the debtors' debts were business debts. *See In re Wright*, 2020 WL 3635869, at *3. *In re Bonert*, 2020 WL 3635869, at *5; *In re Blanchard*, 2020 WL 4032411, at *2. Here, by contrast, the U.S. Trustee's analysis of the Tews' debts revealed that 39.47% of the Debtors' relevant debts arose from business transactions. Obj. ¶ 17.

7.      Moreover, SKAT believes that the proper allocation as to what constitutes "commercial or business activities" here weighs more heavily in favor of striking the Subchapter V election than the U.S. Trustee suggests.  Although the Code does not define "commercial or business activities", section 101(8) of the Code defines a "consumer debt" as "debt incurred by an individual primarily for a personal, family, or household purpose." In other contexts, courts generally find that a debtor's liabilities are primarily "consumer debts" if the aggregate dollar amount of such debts exceeds 50% of the debtor's total liabilities. *In re Hlavin*, 394 B.R. 441, 446 (Bankr. S.D. Ohio 2008). To make this determination, most courts employ the "profit motive" test. *Id*. The profit motive test determines that debt is not consumer debt if the debt was "incurred with an eye toward profit." *In re Westberry*, 215 F.3d 589, 593 (6th Cir. 2000). "The profit motive analysis is used, and is clearly appropriate, to determine whether a debt falls outside the category of consumer debt." *Id*.  Given the close parallel of this approach to section 101(51D), it is particularly persuasive here.

8.      The U.S. Trustee designated the Tews' first mortgage as a personal debt, and its second, third, and junior mortgages as business debts. *See* Obj. Ex. A, ECF No. 52-1.  If the Court were to apply the profit motive test to determine whether the Tews' debts arose from the "commercial or business activities of the debtor," it would likely find that the Tews' second, third, and junior mortgages, are also not business debts. *See, e.g.*, *In re Schmonsees*, 2001 WL

1699664, at *2 (Bankr. M.D.N.C. Sept. 21, 2001) (two mortgages related to the purchase of Debtor's residence and credit card and other unsecured personal, family or household indebtedness that was not incurred for a profit motive or in connection with a business transaction were consumer debts). Accordingly, even less than 39.47% of the Tews' relevant debts are business debts.

9. For the reasons stated in the Objection and supplemented above, the Tews are not proper Subchapter V debtors.

10. SKAT respectfully requests the Court strike the Tews' Subchapter V election.

## RESERVATION OF RIGHTS

11. Whether or not the Debtors remain in Subchapter V, SKAT reserves its rights to (1) move the Court to lift the automatic stay in order for SKAT to pursue its litigation against the Debtors in the MDL, (2) object to any discharge of SKAT's claims against the Debtors under section 523(a)(2) of the Bankruptcy Code, (3) object to any plan of reorganization, and (4) seek any and all discovery related to these matters and any and all other proceedings in these Chapter 11 cases.

BOEHL STOPHER & GRAVES, LLP

*/s/ Richard W. Edwards*

Richard W. Edwards
Scott A. Davidson
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
redwards@bsg-law.com
sdavidson@bsg-law.com

And

HUGHES HUBBARD & REED LLP

*/s/ Dustin P. Smith*
Dustin P. Smith (admitted pro hac vice)
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000 (t)
(212) 422-4726 (f)
Dustin.Smith@hugheshubbard.com

COUNSEL FOR CREDITOR
SKATTEFORVALTNINGEN (CUSTOMS AND
TAX ADMINISTRATION OF THE KINGDOM
OF DENMARK)

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by electronic mail or first-class U.S. mail, postage prepaid, on September 25th, 2020, on all non-ECF creditors as listed on the combined Master Service List No. 1 [ECF No. 17] in this case.

*/s/ Richard W. Edwards*
COUNSEL FOR CREDITOR, SKAT