**DS Exhibit A - Consent Judgment**

Eastern District of Kentucky
**FILED**

JUL - 8 2015

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

GEORGE HOFMEISTER, et. al.,
Defendants.

Civil Action Nos. 5:12-cv-250-KKC and
5:13-cv-156-KKC

CONSOLIDATED

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

GEORGE HOFMEISTER, et. al.,
Defendants.

**CONSENT JUDGMENT AND ORDER RE:
BERNARD V. TEW, TEW ENTERPRISES, LLC, AND
BLUEGRASS INVESTMENT MANAGEMENT, LLC**

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., filed complaints in the U.S. District Court for the Eastern District of Kentucky in *Perez v. George Hofmeister, et. al.*, Case no. 5:12-cv-250, and *Perez v. George Hofmeister, et. al.*, Case no. 5:13-cv-156, (the "Secretary's Actions") against various defendants, including Bernard V. Tew, Tew Enterprises, LLC, and Bluegrass Investment Management, LLC ("Tew Defendants"), alleging breaches of fiduciary duty under Title I of ERISA, with respect to the Hillsdale Hourly Pension Plan ("Hillsdale

1

Hourly Plan"), the Hillsdale Salaried Pension Plan ("Hillsdale Salaried Plan"), and the Revstone Casting Fairfield, GMP Local 359 Pension Plan ("RCF Plan").

The Tew Defendants, having answered, admit that they are subject to the personal jurisdiction of the Court and that the Court has jurisdiction of the subject matter of the Secretary's Actions. This Consent Order and Judgment shall not be deemed to be an admission or denial of any claims made by the Secretary.

The Secretary and the Tew Defendants ("the Parties") have agreed to resolve all matters in controversy between them related to the Complaints filed in the Secretary's Actions, and the Parties do now consent to entry of an Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the Parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. The Tew Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq*.

2. The Tew Defendants are permanently enjoined and restrained from serving as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan. For avoidance of doubt, nothing herein shall prohibit Bernard Tew, Bluegrass Investment Management, LLC, or Tew Enterprises, LLC from providing discretionary investment advice or acting as a fiduciary to any retirement plan or account that is not an employee benefit plan or account subject to Title I of ERISA, 29 U.S.C. §1001 *et seq*. (*e.g.*, a retirement plan or account for which Bernard V. Tew and/or a relative, as defined in Section 3(15) or ERISA, are the exclusive participants).

3. Within 45 days of the entry of this Consent Order and Judgment, the Tew Defendants shall pay $199,444.45 to the Hillsdale Hourly Plan and $99,722.22 to the Hillsdale

2

Salaried Plan. Payments to the Hillsdale Hourly Plan and Hillsdale Salaried Plan shall be made by wire transfer in accordance with instructions provided by the Secretary. The parties agree that, for purposes of ERISA Section 502(*l*), 29 U.S.C. § 1132(*l*), the "applicable recovery amount" shall be $299,166.67. The Tew Defendants shall pay 20% of the "applicable recovery amount," which is $59,833.33, within 45 days of the entry of this Consent Order and Judgment. Payment of $59,833.33 shall be made to the Department of Labor and sent by regular U.S. mail to:

ERISA Civil Penalties
P.O. Box 71360
Philadelphia, PA 19176-1360

A copy of the check shall be provided to the Secretary's counsel. The Tew Defendants hereby waive the notice of penalty assessment and service requirements of 29 C.F.R. § 2570.83.

4. The Tew Defendants, and, where applicable, their agents, beneficiaries, representatives, assigns and successors in interest, do hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule, or regulation, that relate in any manner to the filing, prosecution, and maintenance of the Secretary's Actions. In particular, the Tew Defendants expressly waive any and all claims of any nature that they may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives, arising under the Equal Access To Justice Act, 5 U.S.C. §504, 28 U.S.C. §2412, as amended.

5. The Secretary hereby releases the Tew Defendants and, where applicable, their agents, beneficiaries, representatives, assigns and successors in interest, from all civil actions, civil claims and civil demands under Title I of ERISA that are based upon, arise out of, or relate to, the facts, transactions and occurrences referred to in the Secretary's Actions.

6. The Secretary and the Tew Defendants shall bear their own costs, expenses, and attorney's fees in connection with the Secretary's Actions.

7. Nothing in this Order is binding on any government agency other than the United States Department of Labor with respect to its civil claims under Title I of ERISA. This Consent Order and Judgment does not resolve any criminal liability, or any restitution, forfeitures, or fines arising out of such liability, if any.

8. By entering into this Consent Order and Judgment, the Tew Defendants represent that they have been informed by counsel of the effect and purpose of this Consent Order and Judgment and agree to be bound by its terms.

9. Each undersigned representative of the Parties to this Consent Order and Judgment certifies that he or she is fully authorized by such Party to enter into and execute the terms and conditions of this Consent Order and Judgment, and to legally bind such Party to this Consent Order and Judgment. By signature below, the Parties consent to entry of this Consent Order and Judgment.

10. This Consent Order and Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

SO ORDERED:

Dated: July 8, 2015

_____
KAREN K. CALDWELL
United States District Judge

| | |
|---|---|
| FOR BERNARD V. TEW, TEW ENTERPRISES, LLC, AND BLUEGRASS INVESTMENT MANAGEMENT, LLC: | FOR THE SECRETARY: |

Dated: 6/15/2015

*[signature]*

Bernard V. Tew
Individually, and as Managing Member of Tew Enterprises, LLC and Bluegrass Investment Management, LLC

*[signature]*

Mark J. Hyland, Esq.
Michael W. Broz, Esq.
Seward & Kissel, LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1541
Fax: (212) 480-8421

Philip W. Collier, Esq.
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202
Tel: (502) 681-0415

Dated: 6/15/15

/s/ Matthew M. Scheff

Maureen M. Cafferkey (OH-0031165)
Senior Trial Attorney
Matthew M. Scheff (OH-0082229)
Trial Attorney

United States Department of Labor
Officer of the Solicitor
1240 East Ninth Street, Room 881
Cleveland, OH 44199
(216) 522-3878
(216) 522-7172 (Fax)
scheff.matthew@dol.gov
cafferkey.maureen@dol.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor
CHRISTINE Z. HERI
Regional Solicitor
BENJAMIN T. CHINNI
Associate Regional Solicitor