UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

BERNARD V. TEW                              CASE NO. 20-51078
ANDREA B. TEW                               CHAPTER 11

    DEBTORS IN POSSESSION

**MOTION FOR APPROVAL OF SETTLEMENT PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Come Bernard V. Tew and Andrea B. Tew (the "Debtors"), by counsel, and pursuant to Fed. R. Bankr. P. 9019 respectfully move the Court for approval of a settlement with Skatteforvaltningen, the authority of the Kingdom of Denmark charged with the assessment and collection of Danish taxes ("SKAT") (the "Motion"). A copy of the proposed settlement agreement (the "Settlement Agreement") is attached hereto as <u>Exhibit A</u>.

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based on the points and authorities listed herein, the pleadings, papers, and other records on file with the clerk of the Court, judicial notice of which is hereby respectfully requested, and any argument or evidence to be presented at the time of the hearing of the Motion.

<u>**JURISDICTION AND BACKGROUND**</u>

    A.    <u>**The Bankruptcy Case**</u>

    1.    On July 23, 2020 (the "Petition Date"), the Debtors filed with this Court a voluntary petition [ECF No. 1] for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

1

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b) (2)(A),(B) and (O).

3. Debtors are married individuals who reside in Woodford County, Kentucky. Accordingly, venue for the Debtors' Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. No trustee or examiner has been appointed in this Chapter 11 case, and no creditors' committee or other official committee has been appointed. Charity Bird was appointed as Subchapter V Trustee on July 24, 2020 [ECF No. 12], but the Debtors' designation of the case as a Subchapter V case was stricken by Order entered on September 30, 2020 [ECF No. 83]. Ms. Bird filed her Chapter 11 Subchapter V Trustee's Report of No Distribution on December 7, 2020 [ECF No. 128].

5. On January 27, 2021, the Debtors filed their Chapter 11 Plan of Reorganization [ECF No. 138] and a supporting Disclosure Statement [ECF No. 139]. Numerous objections to approval of the Disclosure Statement were lodged [ECF Nos. 151, 152, 154]. The Debtors filed an Amended Disclosure Statement [ECF No. 170] on March 16, 2021, and a Second Amended Disclosure Statement [ECF No. 185] and Amended Chapter 11 Plan of Reorganization (the "Amended Plan") [ECF No. 184] on March 31, 2021. On April 2, 2021, the Court entered its Order Approving Disclosure Statement with Declarations and Fixing Time for Filing Acceptances or Rejections of Plan, Combined with Notice Thereof [ECF No. 187] scheduling a preliminary hearing on confirmation of the Plan for May 18, 2021.

6. On May 3, 2021, the Debtors filed their Motion for an Order Continuing Confirmation Hearing, Extending Related Deadlines and to Grant Relief Without a Hearing [ECF No. 190], which was granted by Order entered on May 5, 2021 [ECF No. 191]. A preliminary

hearing on confirmation of the Debtors' Amended Plan is currently scheduled for June 23, 2021.

**B.    The SKAT claims.**

7. SKAT has filed two unsecured claims in the Debtors' case: Claim No. 18 in the amount of $33,996,000.00 and Claim No. 19 in the amount of $2,389,000.00. The SKAT Claims arise from twelve lawsuits naming Bernard Tew as a defendant and one naming Andrea Tew as a defendant. The SKAT lawsuits are currently consolidated (along with many others) as *In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, Case No. 18-md-02865 (LAK) in the United States District Court for the Southern District of New York (the "MDL Suit").

8. The Debtors Amended Plan classifies the SKAT Claims as Contingent, Unliquidated or Disputed Claims in Class 8, with a proposed treatment of objecting to the claims on the grounds that the Debtors have no individual liability.

9. As reflected by the Debtors' Schedules, the costs of defending the MDL Suit, as well as parallel proceedings in Denmark, contributed substantially to their unsecured debts. In addition, the pendency of the MDL Suit has a negative impact on Mr. Tews' ability to engage in securities trading, which is the primary method for funding the Amended Plan. Resolution of the MDL Suit should ultimately benefit all of the Tews' creditors.

**C.    The Proposed Settlement Agreement**

10. The essential terms of the Settlement Agreement provide for SKAT to have allowed Class 7 unsecured claims under the Amended Plan, or any subsequently filed plan, in the amount of the filed SKAT Claims in exchange for dismissal of the Debtors as individual defendants in the MDL Litigation. The Settlement Agreement also provides that the Debtors will cooperate with SKAT in its efforts to pursue recovery against third parties related to the allegations set forth in

the MDL Suit.  The specific terms of the Settlement Agreement should be reviewed, as this description is intended only as a brief summary of the Settlement Agreement terms which impact the Debtors.  To the extent any of the descriptions of the Settlement Agreement provided herein are inconsistent with the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

## ARGUMENT

### A.     The Standard for Approval of Settlement Agreements

11.     Compromise and settlement have long been an inherent component of the bankruptcy process. Fed. R. Bankr. P. 9019 provides that, "[o]n motion by the trustee[1] and after notice and a hearing, the court may approve a compromise or settlement." When reviewing a proposed settlement, the Court must determine that it is: (1) "fair and equitable," *Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); and (2) in the best interests of the estate, *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994). Fed. R. Bankr. P. 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court.  *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

12.     Two principles guide the determination of whether a proposed settlement is fair and equitable. First, "'[t]he law favors compromise and not litigation for its own sake…'" *In re Fishell*, 47 F.3d 1168, *2 (6th Cir. 1995) (unpublished table opinion) (quoting *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986)); *see also Best Prods.*, 168 B.R. at 50; *Nellis v. Shungrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (recognizing "the general rule that settlements are favored . . ."). Second, settlements should be approved if, after a review of the appropriate factors in evaluating a compromise for fairness and

---

[1] The Debtors have the authority to bring this Motion in lieu of a trustee pursuant to 11 U.S.C. § 1107.

4

equity, the settlement falls above the lowest point on the continuum of reasonableness. *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) ("[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" (citation omitted)).

13. The factors to consider in evaluating fairness and equity of a proposed compromise are: "'(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.'" *Fishell*, 47 F.3d at *3 (6th Cir. 1995) (quoting *A & C Properties*, 784 F.2d at 1381).

14. The Debtors are not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal quotations omitted).

### B. The Proposed Settlement Agreement Is Fair and Equitable

15. The Debtors respectfully submit that the proposed Settlement Agreement satisfies each of the relevant factors. If the Debtors do not enter into the Settlement Agreement, or if it is not approved by this Court, the Debtors will be required to incur significant additional expenses to resolve the SKAT Claims, including litigating a formal claim objection and an objection to confirmation of the Amended Plan, along with the potential for one or more appeals. Moreover, even if the Debtors were ultimately successful in defeating the SKAT Claims, the costs of litigating

them would reduce the ultimate recovery for unsecured creditors in this case. The Debtors submit that their limited resources are better spent resolving the remaining issues in this case, obtaining confirmation of their Amended Plan and making distributions to creditors with allowed claims.

16. If approved, the Settlement Agreement will allow the Debtors to avoid the costs associated with continuing to litigate the SKAT Claim, bring value to the estate through an expected straightforward confirmation process, and resolve all claims, obligations, demands, actions, causes of action and liabilities with respect to the SKAT Claims. Importantly, resolution of the SKAT Claims under the Settlement Agreement are expected to advance the prosecution of the Debtors' claims against their insurance carriers alleging a wrongful denial of coverage, and to simplify Mr. Tews' ability to generate revenue from securities trading as it is expected that Mr. Tew will now be able to communicate directly with any brokerage assisting with trades.

17. The Settlement Agreement is fair in light of the current stage of the Debtors' case, the expense associated with litigating treatment of the SKAT Claims and confirmation of the Amended Plan. The terms of the Settlement Agreement fall within the reasonable range of likely outcomes of the SKAT Claims, and will eliminate risks, costs, and delay associated with a formal objection and objections to confirmation of the Amended Plan.

18. In sum, the Settlement Agreement provides a meaningful benefit to the Debtor's creditors by avoiding the substantial costs, delays, and risks of litigating the allowance of the SKAT Claims and confirmation of the Amended Plan. The Settlement Agreement is the product of arms-length good faith bargaining.

19. Accordingly, the Debtors have concluded in the exercise of their reasonable business judgment that the benefits to be gained by resolving these matters on the terms set forth in the Settlement Agreement outweigh the time and expense that would necessarily be attendant

with a formal objection to the SKAT Claims and a contested confirmation hearing.

## CONCLUSION

For the foregoing reasons, the Debtors Trustee respectfully requests that the Court approve the Settlement Agreement and provide such other and further relief as the Court deems appropriate.

## NOTICE OF TELEPHONIC HEARING

The Honorable Tracey N. Wise of the United States Bankruptcy Court for the Eastern District of Kentucky will hold a telephonic hearing on the foregoing Motion on June 23, 2021 at 9:30 a.m., or as soon thereafter as counsel may be heard. Any person who desires to participate in the telephonic hearing should call (888) 363-4749 and use Access Code 6879731#. Please refer to https://www.kyeb.uscourts.gov/telephonic-hearing-instructions for telephonic call-in information.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTORS

## CERTIFICATE OF SERVICE

In addition to the parties who are served with this Motion by the Court's ECF System, the undersigned certifies that it has been served upon all creditors on the attached service list in the manner indicated, including by first-class U.S. Mail, postage prepaid, on June 8, 2021.

/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTORS

/Pleadings/SKAT Rule 9019 Mot V2 20210608.docx

| Name | Address1 | Address2 | Address3 | City | State | Zip | |
|---|---|---|---|---|---|---|---|
| AmEx | c/o Becket & Lee | PO Box 3001 | | Malvern | PA | 19355-0701 | VIA EMAIL:  proofofclaim@becket-lee.com |
| BB&T - Auto | P O Box 580048 | | | Charlotte | NC | 28258-0048 | |
| Branch Banking & Trust, n/k/a Truist | PO Box 1847 | 100-50-01-51 | | Wilson | NC | 27894 | VIA EMAIL: rmeyer@vctfirm.com; Bankruptcy@BBandT.com |
| Capital One/Saks Fifth Ave | 3455 Hwy 80 West | | | Jackson | MS | 39209 | |
| Central Bank | c/o Tyler Powell, Esq. | 250 W Main St, Ste 2800 | | Lexington | KY | 40507 | VIA ECF: tpowell@fbtlaw.com |
| Citi MasterCard | P O Box 9001037 | | | Louisville | KY | 40290-1037 | |
| Citi MasterCard | 5800 S Corporate Place | Mail Code 234 | | Sioux Falls | SD | 57108 | |
| Craig Cohen | 779 Bobolink Rd | | | Highland Park | IL | 60035 | VIA EMAIL: craigcohen517@gmail.com |
| Dave Nichols | 33 Lee's Hill Rd | | | New Vernon | NJ | 7976 | |
| Dean Dorton | Attn: Tena Adams | 250 W Main St #1400 | | Lexington | KY | 40507 | VIA EMAIL: tadams@deandorton.com |
| Dinsmore & Shohl | Attn: Jennifer M. Rixner | 255 E Fifth St Suite 1900 | | Cincinnati | OH | 45202 | VIA EMAIL: jennifer.rixner@dinsmore.com |
| Internal Revenue Service | P.O. Box 7346 | | | Philadelphia | PA | 19101-7346 | |
| J Crew/Comenity | PO Box 182782 | | | Columbus | OH | 43218-2782 | |
| Kentucky Farm Bureau | PO Box 856096 | | | Louisville | KY | 40285-6096 | |
| KY Dept. of Revenue | Legal Branch - Bankruptcy Section | P. O. Box 5222 | | Frankfort | KY | 40602 | |
| Lainie Tew | 910 Aiken Road | | | Versailles | KY | 40383 | |
| Lexington Country Club | 2550 Paris Pike | | | Lexington | KY | 40511 | |
| Macy's Amex | P O Box 9001094 | | | Louisville | KY | 40290-1094 | |
| Macy's Amex | 9111 Duke Blvd | | | Mason | OH | 45040 | |
| Macy's Amex | c/o Keith A. Sparks, Esq. | Stenger & Stenger | 2618 E Paris Ave Se | Grand Rapids | MI | 49546 | |
| Madison Street LLC | c/o Scott T. Rickman, Esq. | 175 E Main St, Ste 200 | | Lexington | KY | 40507 | VIA ECF: Scott Rickman - str@mpmfirm.com |
| Robert Simpson | 30 East 33rd St., 6th Floor | | | New York | NY | 10016 | VIA EMAIL: rsimpson.nyc@gmail.com |
| Sallie Mae | PO Box 3229 | | | Wilmington | DE | 19804 | |
| Sam's Club/Synchrony | c/o PRA Receivables Management | PO Box 41021 | | Norfolk | VA | 23541 | VIA EMAIL: Claims_RMSC@PRAGroup.com |
| Schulte Roth & Zabel LLP | Attn: Daniel Shustock | 919 Third Avenue | | New York | NY | 10022 | VIA EMAIL: Kelly.Knight@srz.com |
| Seward & Kissel | Mark J. Hyland, Esq. | One Battery Park Plaza | | New York | NY | 10004 | VIA EMAIL: hooper@sewkis.com |
| SKAT | c/o Mark A. Weinstein, Esq. | Hughes Hubbard & Reed | One Battery Park Plaza | New York | NY | 10004-1482 | VIA ECF: redwards@bsg-law.com and sdavidson@bsg-law.com |
| Talbot's/Comenity | PO Box 182782 | | | Columbus | OH | 43218-2782 | |
| Target Visa | P O Box 660170 | | | Dallas | TX | 75266-0170 | |
| Target Visa | 7000 Target Parkway N | Mail Stop NCD-0450 | | Brooklyn Park | MN | 55445-7301 | |
| Wilmington Savings Fund Society, Trustee | c/o Carrington Mortgage | 1600 Douglass Rd | Suites 100-200-A, LLC | Anaheim | CA | 92806 | Via ECF: Christopher D. Lee Esq. bkty@msfirm.com |
| Wilmington Savings Fund | c/o Lucas J. Markuskewski Esq. | Millsap & Singer LLC | 10200 Forest Green Blvd, Ste 405 | Louisville | KY | 40223 | Via ECF: Christopher D. Lee Esq. bkty@msfirm.com |
| Brian J. Levy | Burr & Forman LLP | 171 17th Street NW, Ste. 1100 | | Atlanta | GA | 30363 | |
| Robert M. Aldrich | AldrichEgg LLC | 1220 Route 31 North, Ste. 23 | | Lebanon | NJ | 8833 | |
| Martin Sklar, Esq. | Kleinberg Kaplan Wolff & Cohen PC | 500 Fifth Ave | | New York | NY | 10110 | |
| Traditional Bank, Inc. | c/o Farrah W. Ingram, Esq. | PO Box 950 | | Mount Sterling | KY | 40353 | VIA ECF: Farrah W. Ingram Esq. -  fingram@whitepeckcarrington.com |
| Charity Bird, Trustee | | | | | | | VIA ECF: cbird@kaplanjohnsonlaw.com |
| John Daugherty, US Trustee | | | | | | | VIA ECF: john.daugherty@usdoj.gov |
| LSC 2020, LLC | c/o Anthony Raluy, Esq. | Rendigs Fry Kiely & Dennis | 500 W Jefferson St, Ste 1515 | Louisville | KY | 40202 | VIA ECF: traluy@rendigs.com |
| Commodore 42, LLC | 10205 Collins Ave., Ste. 1407 | | | Bal Harbour | FL | 33154 | |
| The Entrust Group, LLC | Custodian FBO Coby Devary IRA | 555 12th St., Ste. 1250 | | Oakland | CA | 94607 | |
| Coby Devary | 1120 Chetford Dr. | | | Lexington | KY | 40509 | |
| Bluegrass Retirement Grp Trust | 910 Aiken Rd. | | | Versailles | KY | 40383 | VIA EMAIL: Bernie Tew <drtew@earthlink.net>; Andrea Tew <andreatew@mindspring.com> |
| Bluegrass Investmt. Mgmt. LLC | 910 Aiken Rd. | | | Versailles | KY | 40383 | VIA EMAIL: Bernie Tew <drtew@earthlink.net>; Andrea Tew <andreatew@mindspring.com> |
| Bluegrass Investmt. Mgmt. LLC | Retirement Plan | 910 Aiken Rd | | Versailles | KY | 40383 | VIA EMAIL: Bernie Tew <drtew@earthlink.net>; Andrea Tew <andreatew@mindspring.com> |
| SV Holdings LLC Retirement Plan | 910 Aiken Rd. | | | Versailles | KY | 40383 | VIA EMAIL: Bernie Tew <drtew@earthlink.net>; Andrea Tew <andreatew@mindspring.com> |
| Tew Enterp. LLC Retirement Plan | 910 Aiken Rd. | | | Versailles | KY | 40383 | VIA EMAIL: Bernie Tew <drtew@earthlink.net>; Andrea Tew <andreatew@mindspring.com> |
| Tew LP Retirement Plan | 910 Aiken Rd. | | | Versailles | KY | 40383 | VIA EMAIL: Bernie Tew <drtew@earthlink.net>; Andrea Tew <andreatew@mindspring.com> |
| George Hofmeister | c/o Sheldon S. Toll, Esq. | Sheldon S. Toll PLLC | 29580 Northwestern Highway, Ste 1000 | Southfield | MI | 48075 | VIA EMAIL: sst@lawtoll.com |
| ED&F Man Capital Markets | c/o Gregory C. Pruden, Esq. | Binder & Schwartz LLP | 366 Madison Avenue, Sixth Floor | New York | NY | 10017 | VIA EMAIL: gpruden@binderschwartz.com |