UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

BERNARD V. TEW                                                                             CASE NO. 20-51078
ANDREA B. TEW                                                                              CHAPTER 11

    DEBTORS IN POSSESSION

## STATUS REPORT

Come Bernard V. Tew and Andrea B. Tew (the "Debtors"), by counsel, pursuant to the Order Scheduling Status Conference and Continued Confirmation Hearing [ECF No. 233], provides the following status report:

1.    On January 27, 2021, the Debtors filed their Chapter 11 Plan of Reorganization [ECF No. 138] and a supporting Disclosure Statement [ECF No. 139]. Numerous objections to approval of the Disclosure Statement were lodged [ECF Nos. 151, 152, 154]. The Debtors filed an Amended Disclosure Statement [ECF No. 170] on March 16, 2021, and a Second Amended Disclosure Statement [ECF No. 185] and Amended Chapter 11 Plan of Reorganization (the "Amended Plan") [ECF No. 184] on March 31, 2021. On April 2, 2021, the Court entered its Order Approving Disclosure Statement with Declarations and Fixing Time for Filing Acceptances or Rejections of Plan, Combined with Notice Thereof [ECF No. 187] scheduling a preliminary hearing on confirmation of the Plan for May 18, 2021.

2.    On May 3, 2021, the Debtors filed their Motion for an Order Continuing Confirmation Hearing, Extending Related Deadlines and to Grant Relief Without a Hearing [ECF No. 190], which was granted by Order entered on May 5, 2021 [ECF No. 191]. A preliminary hearing on confirmation of the Debtors' Amended Plan was held on June 23, 2021.

3. Shortly after filing their Amended Plan the Debtors also filed an Amendment to Schedules F & H [ECF No. 186] adding certain creditors. Two of those creditors, Len C. DeVary, individually and on behalf of the Len C. DeVary Traditional IRA and Commodore 42, LLC (the "DeVary Parties") sought and obtained extensions of time to object to the Debtors' discharge and to object to confirmation of the Amended Plan. See ECF Nos. 193, 195, 211, 213, 214]. The Debtors were examined by the DeVary Parties [ECF No. 202] and the DeVary Parties filed a complaint seeking a determination that their debts were nondischargeable [ECF No. 218] and an Objection to Confirmation of the Debtors' Amended Chapter 11 Plan (the "DeVary Objection") [ECF No. 219].

4. The Debtors and the DeVary Parties have negotiated a resolution of both the nondischargeability claims and the DeVary Objection, and the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure [ECF No. 240] is scheduled to be heard at the same time as the Status Conference in this case. Approval of the settlement with the DeVary Parties will resolve the DeVary Objection to the Amended Plan.

5. The only other objection to confirmation of the Plan of record is that of Wilmington Savings Fund Society, FSB, as trustee for Upland Mortgage Loan Trust B ("Wilmington") [ECF No. 146]. The Debtor understands that the Wilmington Objection has been resolved by the Consent Order and Stipulation in Settlement of Motion for Relief [ECF No. 181].

6. The Debtors filed a Report of Ballots on June 21, 2021 [ECF No. 225], reflecting acceptance of the Plan by Class 4 (Wilmington) and Class 7 (Unsecured Creditors), with no ballots being received from any other classes of creditors. The Debtors are filing a Second Amended Plan simultaneously with this Status Report for the purpose of modifying the starting date for payments to unsecured creditors in light of the delays in confirmation of the Debtors'

Plan, and to provide more detail and clarity regarding the process for handling any litigation recoveries during the life of the Plan.

7. The Debtors have continued their prosecution of claims in the Woodford Circuit Court and United States District Court for the Eastern District of Kentucky seeking a declaration regarding the scope of coverage of certain insurance policies. Discovery is ongoing and the Debtors expect to file dispositive motions in the near future. The Debtors have also been assembling evidence to support claims against ED&F Man Capital Markets and conferring with potential counsel to prosecute such claims.

8. Mrs. Tew has continued her work as an independent contractor. Dr. Tew has continued his efforts to implement the ADR arbitrage trading strategy but has encountered delays. First, the time and attention required to address and resolve the claims of SKAT and the DeVary Parties have limited the time available to devote to the trading strategy. Second, certain members of the trading team have left, requiring their replacement. Third, Dr. Tew determined that the account at Argon Financial (a general corporate account) would permit sufficient trade details to meet the transparency required under the Amended Plan and general bankruptcy requirements. Accordingly, a segregated account was requested. Argon agreed with this request, but its clearing bank would not, so Argon has established such an account with a different entity (Archer Daniels Midland) to provide the required detail on trading. The creation of this segregated account is almost complete, with members of the trading team making a physical visit to Argon Financial last week, upon the lifting of travel restrictions in the European Union.

WHEREFORE, the Debtor respectfully requests that the Court accept this Status Report in connection with the upcoming Status Conference.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon
KY Bar No. 40104
200 North Upper Street
Lexington, KY  40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTORS

**CERTIFICATE OF SERVICE**

This document has been electronically filed and served via the Court's ECF System on July 26, 2021.

/s/ Dean A. Langdon
COUNSEL FOR DEBTORS

/Pleadings/Plan/Status Report 20210726.docx